STATE NATIONAL BANK OF ST. JOSEPH, Defendant in Error, *v.*
CHARLES G. WALSER, Plaintiff in Error.

1. *Contracts — Judgment—Agreement to purchase—Release of judgment lien,
effect of— Separation of judgment into parts.*—In a suit on a written agree-
ment to pay a certain sum for an assigned judgment, where there was no
allegation of fraud, and the case was made to turn simply upon the existence
or non-existence of a consideration for defendant's promise, *held,* that the
judgment being a valid and binding one, its transfer was a sufficient consid-
eration for the agreement, although it appeared that prior to the transfer the
assignor had released the lien of the judgment on certain real estate. And
the fact that the agreement embodied an arrangement that defendant was to
pay a certain proportion and other assignees the remainder, would not consti-
tute an assignment of the judgment in parts.

*Error to Fifth District Court.*

*Ledergerber*, for plaintiff in error.

*Pike*, for defendant in error.

CURRIER, Judge, delivered the opinion of the court.

This suit is founded upon a written agreement by which the
defendant, in consideration of the assignment to himself and
others of a certain judgment, promised to pay to the plaintiffs
a sum equal to two-fifths of the judgment assigned; the other
assignees, by the same instrument, agreeing to pay the remaining
three-fifths.

The answer admits the agreement and its execution, as alleged,
but avers, in avoidance of it, that it was without consideration
and void. This is the substance of the answer, although it goes
into great detail in alleging the facts and circumstances which
are supposed to result in the conclusion that the agreement was
ineffectual for the want of a sufficient consideration to support it.

The pleadings show that the judgment assigned was rendered
by the Buchanan Circuit Court, September 24, 1861, in favor of
the plaintiffs, against J. C. Roubidoux and others. No objection
is urged against the validity of this judgment. The defendant,
however, at the trial, offered evidence with a view to show that
certain proceedings which were had in 1866–7, for the purpose of

renewing the judgment, were irregular and void; that the plaintiffs had released from the lien of the judgment a portion of a certain city lot, which was subsequently advertised for sale upon the renewal execution, and that the agreement sued on was executed on the day the sale was to have taken place; the defendant having, in the meanwhile, purchased from Roubidoux a portion of the land so advertised.

The court excluded the evidence as irrelevant to the issues of fact made by the pleadings, and properly. There was no allegation of concealment, misrepresentation, or of any form of fraud. The case, by the pleadings, was made to turn upon the existence or non-existence of a consideration for the defendant's promise. The consideration shown was the transfer of a valid and binding judgment, and that was sufficient. The presence or absence of a judgment *lien* is immaterial. It was not a lien, but the judgment rendered in September, 1861, that the plaintiffs engaged to assign, and which they did assign, as the consideration for the defendant's undertaking. That was sufficient to relieve the contract from the imputation of being a mere *nudum pactum*.

There is no force in the objection founded upon the assumption that the judgment was divided and assigned to the several transferees in parts. There was no such division. The judgment was assigned *in solido*, the assignees agreeing to pay the amount specified in certain proportions; the defendant's proportion being two-fifths of the whole sum. The arrangement as to the mode and measure of payment constituted no separation of the judgment into parts.

Judgment affirmed. The other judges concur.